1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    KENNETH H. DAVIDSON,               )     No. C 10-2713 JSW (PR)
                                        )
9                    Petitioner,        )
                                        )     **ORDER DENYING PETITION FOR**
10       vs.                            )     **WRIT OF HABEAS CORPUS AND**
                                        )     **CERTIFICATE OF APPEALABILITY**
11   T.V. VIRGA, Warden,                )
                                        )
12                   Respondent.        )
                                        )
13   _____   )

14
                        **INTRODUCTION**
15
            This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. §
16
     2254.  The Court ordered Respondent to show cause why the writ should not be granted.
17
     Respondent filed an answer and a memorandum of points and authorities in support, and
18
     has lodged exhibits with the court.  Petitioner responded with a traverse.  For the reasons
19
     set out below, the petition is DENIED.
20
                    **PROCEDURAL BACKGROUND**
21
            On August 28, 2007, Petitioner was convicted by guilty plea of continuous sexual
22
     abuse of a minor under the age of fourteen. The minor in question was Petitioner's five-
23
     year old granddaughter.  He was sentenced to a prison term of 16 years.  The California
24
     Court of Appeal affirmed the judgment on December 1, 2008 (Ex. 6)[1], and the California
25

26   _____

27          [1] Citations to "Ex." are to the record lodged with the Court by the Attorney
     General, except where otherwise noted.
28

Supreme Court denied a petition for review on February 11, 2009.  Petitioner's state habeas petition was also denied by the superior court, the Court of Appeal and the California Supreme Court.  Petitioner subsequently filed his federal petition for writ of habeas corpus on June 22, 2010.

## FACTUAL BACKGROUND

The California Court of Appeal summarized the factual background of this case as follows:

> An amended complaint filed August 2, 2007, set out nine counts: (1) two counts alleging felony violations of section 288a, subdivision (c)(1) (oral copulation with a minor under 14 years of age and more than 10 years younger than the perpetrator); three counts alleging felony violations of section 288, subdivision (a) (lewd act with child under 14 years of age); and four counts alleging felony violations of section 311.11, subdivision (a) (possession of pornographic material depicting a minor).  The five counts stating violations of either section 288a or 288 allegedly occurred between December 20, 2006, and May 15, 2007.  The four counts stating violations of section 311.11 allegedly occurred on or about August 1, 2007.

> On August 28, 2007, the trial court dismissed the foregoing nine counts on motion of the district attorney, and defendant pleaded guilty to a new count ten – a felony violation of section 288.5 (three or more acts of substantial sexual conduct, over a period of at least three months, with a child under 14 years of age), a violation occurring between December 20, 2006, and May 15, 2007.  The dismissals and guilty plea were pursuant to an agreement that included the district attorney's promise not to file any other charges based on alleged sexual misconduct occurring prior to the date of defendant's plea of guilty as to the violation of section 288.5.  The parties additionally agreed that defendant would not be eligible for probation but would be sentenced to a prison term to be determined by the court after considering a presentence report to be prepared and submitted by the probation office.  Defendant's admitted violation of section 288.5 carried a determinate sentence of 6, 12, or 16 years in state prison.  (§ 288.5, subd. (a).)

> At the sentencing hearing held November 3, 2007, the trial court sentenced defendant to the upper or aggravated prison term of 16 years.

Ex. 6 at 1-2.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state

court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-409 (2000), while the second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*,  537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529 U.S. at 412-413.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409. When there is no reasoned opinion from the highest state court to consider the Petitioner's claims, the Court looks to the last reasoned state court opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).

## DISCUSSION

Petitioner raises three claims in his Petition.  Each claim will be considered below.

3

1     **I.**     <u>**Sixteen Year Prison Term**</u>

2          In his first claim, which was denied by the state courts, Petitioner contends that his

3 sixteen year sentence violates both his due process rights and his Sixth Amendment right

4 to jury trial. Specifically, he maintains that, in sentencing him to sixteen years, the trial

5 court relied on facts not found by the jury, allegedly in violation of *Cunningham v.*

6 *California*, 549 U.S. 270 (2007). Respondent argues that Petitioner's claim is without

7 merit and must be denied. Respondent is correct.[2]

8          Petitioner maintains that the trial court, in sentencing him to sixteen years,

9 deprived him of his Sixth Amendment right to a jury trial, because it allegedly relied on

10 facts not found by a jury in order to impose the upper term of sixteen years. Petitioner

11 cites to *Cunningham* in support of his claim, where the Supreme Court held that

12 California's determinant sentencing law ("DSL") at the time violated the Sixth

13 Amendment to the extent it allowed trial courts to sentence defendants to an upper term

14 sentence based on non-recidivism facts "neither inherent in the jury's verdict nor

15 embraced by the defendant's plea." 549 U.S. at 274.

16          Petitioner, however, was not sentenced under the DSL at issue in *Cunningham*. As

17 a result of *Cunningham*, California's DSL was amended, and the applicable rules became

18 effective on May 23, 2007 (*see People v. Towne*, 44 Cal. 4th 63, 75 n. 2 (2008)), prior to

19 Petitioner's sentencing on November 30, 2007. Ex. 6 at 2. The Ninth Circuit has found

20 that, under California's revised DSL, the "imposition of the lower, middle or upper term

21 is now discretionary and does not depend on the finding of any aggravating factors."

22 *Butler v. Curry*, 528 F. 3d 624, 652 n. 20 (9th Cir. 2008). As a result, Petitioner was not

23 sentenced in violation of *Cunningham*, and he is unable to demonstrate that the state

24 court's sentence was an unreasonable application of clearly established federal law. This

25 ————————————

26        [2] Respondent also maintains that this claim is procedurally defaulted; since this

27 Court denies the claim on the merits, it need not address Respondent's procedural default arguments.

28

1    claim must therefore be denied.[3]

2         Petitioner also maintains that the trial court did not give him any notice that it was

3    contemplating sentencing Petitioner to the upper term.  Petitioner cannot demonstrate,

4    however, that the state court's decision denying this claim is contrary to, or an

5    unreasonable application of, clearly established United States Supreme Court law.   Nor

6    can he demonstrate that the state court's decision relied on an unreasonable determination

7    of the facts.  Petitioner can point to no applicable law requiring that a criminal defendant

8    receive advance notice from a trial court regarding a contemplated sentence; in fact, the

9    law is to the contrary.  *See Irizarry v. United States*, 553 U.S. 708, 713-714 (2008).  In

10   addition, Petitioner was or should have been aware of the potential sixteen year sentence.

11   The trial court stated on the record that it was considering the upper term (3 RT 4), and

12   the possible upper term sentence was specified in the applicable criminal statute.  Given

13   the above, Petitioner's claim is without merit and must be denied.

14   **II.    Guilty Plea**

15        Petitioner pleaded guilty to a violation of Cal. Penal Code § 288.5, which renders a

16   person guilty of continuous sexual abuse of a child if that person "over a period of time,

17   not less than three months in duration, engages in three or more acts of substantial sexual

18   conduct with a child under the age of 14 years."  In his second claim for relief, Petitioner

19   alleges that his due process rights were violated because he did not have a full

20   understanding of his guilty plea and its consequences.  This claim was rejected by the

21   state court in a reasoned opinion as follows:

22

23        I.      Ground I: The Sentence Imposed by the Trial Court Violated

24

25        [3] Petitioner also briefly alleges that imposition of the upper term sentence violated
26   the *ex post facto* clause.  This argument may be quickly dismissed; under the revised
     DSL statute pursuant to which Petitioner was sentenced, there is no violation of the *ex*
27   *post facto* clause.  *See Chioino v. Kernan*, 581 F. 3d 1182, 1185-1186 (9th Cir. 2009).

28                                            5

Petitioner's Right to Due Process

Relief by petition for writ of habeas corpus is unavailable for issues which have been previously raised and rejected on appeal. (*In re Waltreus* (1965) 62 C. 2d 218, 224). Habeas relief is also foreclosed as to issues which could have been raised on appeal but were not (*In re Dixon* (1953) 41 C. 2d 756, 759-761).

It is clear from the First District Court of Appeal Opinion . . . that each of Petitioner's concerns about the legality of the sentence either *were* raised and decided in the Court of Appeal, or should have been. Petitioner has made several legal arguments about the validity of his sentence, but has not alleged that there is any evidence outside the record that bears on alleged sentencing error. Accordingly, Petitioner has not stated a *prima facie* case for relief in Ground I.

II.    Ground II: Petitioner Lacked a Full Understanding of Penal Code 288.5 and the Potential Consequences of His Plea

Petitioner claims that he did not fully understand the potential consequences of entering a guilty plea to a violation of Penal Code 288.5, and that "the plea did not fit his conduct." (citation omitted). Petitioner relies on purported "new" evidence, a declaration of his wife which was notarized on February 13, 2008, which states that Petitioner's conduct with the minor victim[] ceased after March 4, 2007.

The first problem is that Petitioner should have raised his concerns about the validity of the plea in the trial court and/or obtained the Certificate of Probable Cause that would have allowed him to present his arguments to the Court of Appeal (*Waltreus, Dixon, supra*).

The second problem is that there is no assurance that the "newly discovered" evidence that Petitioner seeks to rely on is in fact "new." Ms. Davidson's declaration is not dated, supporting an inference that this evidence may well have been available to Petitioner long before the notarization date. Assuming that Ms. Davidson's declaration was provided to Petitioner for the first time post-sentencing, it is devoid of facts which might explain why this evidence is material, and if so, why it was brought to light so late in the proceedings.

Third, "newly discovered evidence," even if helpful to Petitioner's case, does not necessarily support issuance of a writ of habeas corpus. "[A] criminal judgment may be collaterally attacked on the basis of 'newly discovered' evidence only if the 'new' evidence casts fundamental doubt on the accuracy and reliability of the proceedings . . . evidence [that], if credited, must undermine the entire prosecution case and point unerringly to innocence or reduced culpability." (*People v. Gonzalez* (1990) 51 C. 3d 1179, 1246). Petitioner has not adequately explained how Ms. Davidson's declaration contradicts the facts which support Petitioner's guilty plea to a violation of Penal Code 288.5. Even assuming for the purpose of argument that the alleged sexual abuse of one or more child victim occurred between December 20, 2006 and March 4, 2007, as Petitioner argues, Ms.

6

> Davidson's declaration does not negate the possibility that at least three substantial acts of sexual conduct may have occurred against the minor victim[s] within that time frame.  On its face therefore, Petitioner's allegation is insufficient to
>
> Finally, to the extent that Petitioner is claiming that he did not understand the potential consequences of his plea due to ineffective assistance of counsel, the petition falls short of establishing a *prima facie* case for relief.  In order to support issuance of an order to show cause, Petitioner must allege not only that counsel was ineffective, but that he was prejudiced by her actions.  Prejudice is defined as "a reasonable probability that a more favorable outcome would have resulted."  (*In re Cox* (2003) 30 C. 4th 974, 1019)  The record reflects that Petitioner received the benefit of pleading to a single felony count; nine additional felony counts were dismissed pursuant to the plea, and the District Attorney promised that no additional criminal charges would be filed based on crimes allegedly committed before August 28, 2007.  Petitioner completely fails to address in his petition how a more favorable outcome could have been achieved but for the advice of his attorney.

Ex. 12 at 2-3.

Petitioner cannot demonstrate that the state court's reasoned opinion was contrary to, or an unreasonable application of, clearly established state law.  Nor can he demonstrate that the opinion was based on an unreasonable determination of the facts.

A defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel.  *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal.  *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).

Here, in addition to the state court opinion, the record clearly demonstrates that Petitioner understood the plea agreement and was entering into it voluntarily.  1 RT at 1-18.  Petitioner stated on the record that he did not need more time to confer with counsel, and his attorney stated that she had "discussed his rights and defenses and the possible consequences of his plea with him."  1 RT at 16-17.  The trial court found "that the plea was freely and voluntarily made, with an understanding of the nature of the charge pending as well as the consequences of the plea.  The Court finds there's a factual basis for the plea."  1 RT 18-19.  As the Supreme Court has held, the constitutional

7

prerequisite of a valid plea may be satisfied where, as here, the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.[4]  *Bradshaw*, 545 U.S. at 182.

In his federal habeas petition, as he did at the time of his guilty plea, Petitioner alleges that his plea was invalid because, according to him, the sexual conduct at issue occurred over less than a three-month period of time.  This claim is without merit.  At his sentencing hearing, Petitioner's attorney specifically informed the court that Petitioner:

> wanted the court to know that he was agreeing to this plea – technically, it was a three-month period of time.  In his mind, he said this only occurred over a two and a half month period of time.  But in order to dismiss the balance of the complaint, it was close enough to three months.

3 RT at 8.  The record clearly demonstrates that Petitioner was aware of the three-month element contemplated by the statute, and chose to plead guilty in order to dismiss the nine felony charges on the original complaint and to avoid further charges.  Ex. 6 at 1-2.  As the Ninth Circuit has held, as long as a defendant expresses a desire to plead guilty, and there is strong evidence of actual guilt (as there was here), it is inconsequential that the defendant refuses to plea to a specific element of the charged crime.  *United States v. King,* 257 F. 3d 1013, 1022 (9th Cir. 2001); *see also Rodriquez v. Ricketts*, 777 F. 2d 527, 528 (9th Cir. 1985) (finding that due process does not require that a state court establish a factual basis for a guilty plea).  Therefore, Petitioner is not entitled to relief on this ground.

The Davidson Declaration also does not assist Petitioner in his claim for habeas relief.  To the extent Petitioner is arguing that the Declaration shows that he is factually innocent, his argument must fail because there is no clearly established Supreme Court authority permitting federal habeas relief for such claims.  Indeed, the law is to the contrary.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (stating that "[c]laims of actual

---

[4] The competency of Petitioner's counsel is discussed in more detail *infra* in Claim 3.

innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").  Furthermore, as discussed *supra*, Petitioner's counsel stated on the record that Petitioner did not believe that the three-month element had been satisfied, but that he was pleading guilty nonetheless in order for nine other felony counts to be dismissed.  3 RT 8.  It is not a violation of due process for a criminal defendant to refuse to plea to a specific element of the charged crime.  *King,* 257 F. 3d at 1022.  Therefore, this claim must be denied.[5]

### III.   Ineffective Assistance of Counsel

In his third claim, which was denied by the state courts, Petitioner maintains that his counsel failed to render effective assistance, in violation of Petitioner's Sixth Amendment rights.  Petitioner points to nine alleged failures of his trial counsel, primarily relating to Petitioner's bail, guilty plea and sentence.  Each of Petitioner's claims will be considered in turn.

#### A.   Legal Standard

The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced Petitioner's defense.  *Id.* at 688.  To prove deficient performance, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.  *Id.* To prove counsel's performance was prejudicial, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient

---

[5] Respondent also maintains that this claim is procedurally defaulted; since this Court denies the claim on the merits, it need not address Respondent's procedural default arguments.

to undermine confidence in the outcome." *Id.* at 694.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *See Strickland*, 466 U.S. at 697; *Williams v. Calderon*, 52 F. 3d 1465, 1470 & n.3 (9th Cir. 1995) (approving district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice).

Recently, the Supreme Court has specifically addressed ineffective assistance claims in the context of a Petitioner's guilty plea. Thus, "when reviewing the choices an attorney made at the plea bargain stage", "strict adherence to the *Strickland* standard [is] all the more essential." *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Furthermore, "habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Id.*

### B.   Analysis

Petitioner first's claim of ineffective assistance relates to his challenge to his guilty plea, *supra.* Petitioner maintains that his counsel did not conduct a reasonable pretrial investigation comparing the dates of contact with the victim with dates that Petitioner claimed he was elsewhere. Petitioner, however, does not maintain that his counsel did not actually have this information, nor does he acknowledge that Petitioner's whereabouts on certain dates was information Petitioner himself could have relayed to his counsel. As the Supreme Court has held, "when the facts that support a potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." *Strickland*, 466 U.S. at 691. Moreover, Petitioner affirmed at the plea hearing that he had discussed the case and potential defenses with his attorney. Given the above, Petitioner cannot demonstrate that there was a "manifest deficiency" on the part of his counsel. *See Moore*, 131 S.Ct. at 741. Furthermore, given that Petitioner pled guilty after his counsel

stated on the record that Petitioner did not believe that the three month element had been
satisfied, Petitioner has not shown that any alleged error resulted in prejudice to him or
that, in its absence, he would have rejected the plea agreement and insisted on a trial.

Second, Petitioner asserts that his counsel failed to interview the victim or her
parents, in order to help substantiate Petitioner's version of events.  Petitioner cannot,
however, demonstrate that the absence of an interview was constitutionally deficient.
Petitioner does not demonstrate, nor does the record reveal, whether an attempt was made
to interview the victim or her parents, or whether they were even willing to be
interviewed by Petitioner's counsel in the first place.  Furthermore, Petitioner has cited to
no clearly established federal law requiring that counsel conduct interviews of victims
prior to plea bargaining.  As the Supreme Court has held, in the case of alleged ineffective
assistance of counsel in the context of a guilty plea, habeas courts must avoid "after-the-
fact assessment[s] [that] run counter to the deference that must be accorded counsel's
judgment and perspective when the plea was negotiated, offered and entered." *Moore*,
131 S. Ct. at 742.  Finally, even if Petitioner had shown that counsel's behavior was
deficient in this regard, his claim would fail because he is unable to demonstrate any
resulting prejudice.

Petitioner's third ineffective assistance of counsel claim relates to his bail hearing.
Petitioner maintains that his counsel failed to investigate an alleged claim by the
prosecutor at the bail hearing that Petitioner had obtained a passport and was considering
fleeing to Mexico.  There is no merit to this claim, as Petitioner cannot cite to any clearly
established federal law showing that counsel's behavior was deficient in this regard.  *See*
*Strickland*, 466 U.S. at 697.  Moreover, Petitioner cannot demonstrate that any alleged
errors were prejudicial to him.  The statements about Petitioner's passport were made in
the prosecutor's opposition to Petitioner's motion to reduce bail, a motion that was later
withdrawn.  Petitioner does not allege or otherwise demonstrate that investigation by his

counsel would have led to a different result, such as a reduction of his bail.  Thus, this claim must be denied.

Fourth, Petitioner maintains that his counsel erred in not objecting to or counseling him not to accept the guilty plea.  As he did in his claim 2, *supra*, Petitioner alleges that there was not an adequate factual basis for his plea.   This Court has already concluded that Petitioner's challenges to the factual basis of his guilty plea are without merit. *Strickland* and its progeny do not require that trial counsel make futile motions, and thus, the decisions of Petitioner's counsel not to object to the plea nor to advise Petitioner not to accept the plea agreement were reasonable under these circumstances.  *See Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).   Furthermore, Petitioner cannot demonstrate that he suffered any prejudice due to his counsel's alleged failures.  Given that any objection would have been futile, there is no reasonable probability that, had the objection been made, the result of the proceeding would have different.  *Strickland*, 466 U.S. at 693-694.  Accordingly, Petitioner's claim must be denied.

Fifth, Petitioner maintains that his counsel was ineffective when she did not object to the sentence imposed by the judge, which Petitioner claims (*supra*) was unconstitutional.  As this Court has already concluded, Petitioner's claim that his sentence was unconstitutional is without merit.   *Strickland* and its progeny do not require that trial counsel make futile motions, and thus, Petitioner's counsel decision not to object was reasonable under these circumstances.  *See Sanders*, 21 F.3d at 1456.  Furthermore, Petitioner cannot demonstrate that he suffered any prejudice due to his counsel's failure to object to the sentence.  Given that any objection would have been futile, there is no reasonable probability that, had the objection been made, the result of the proceeding would have different.  *Strickland*, 466 U.S. at 693-694.  Accordingly, Petitioner's claim must be denied.

Sixth, Petitioner maintains that it was ineffective assistance for his counsel not to

object to the trial court's alleged violation of *People v. Harvey*, 25 Cal. 3d 754 (1979) in sentencing Petitioner.  Under *Harvey*, California trial courts may not consider counts dismissed under a plea agreement for the purpose of aggravating or enhancing a defendant's sentence.  25 Cal. 3d at 758.

In a reasoned opinion, the state appellate court concluded that there was no *Harvey* violation.  Ex. 6 at 5.  The court further held that, even if any error had been demonstrated, it was harmless, as "it was not reasonably probable that the court would have reached a decision more favorable to defendant in the absence of that error."  Ex. 6 at 6.  Petitioner cannot demonstrate that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.  Because there was no error by the trial court, there was no basis for an objection, and counsel's decision not to object was reasonable under the circumstances.   *See Sanders*, 21 F.3d at 1456.

Seventh, Petitioner maintains it was ineffective assistance for his counsel to fail to object to the trial court's alleged failure to: 1) give advance notice of its intent to sentence Petitioner to 16 years, and 2) its reasons for sentencing Petitioner to the upper term available.  Petitioner can point to no clearly established federal law requiring judges to give this sort of advance notice; as a result, there was no basis for Petitioner's counsel to object on this ground, and it was not ineffective assistance for her not to do so.  Moreover, the terms of the plea bargain left selection of the sentence – including the possibility of a sentence to the upper term –  to the trial court, thus effectively putting Petitioner on notice that he could be sentenced to 16 years.  Finally, the trial court stated its reasons for imposing the upper term (3 RT 25-29), and Petitioner's counsel did argue for a lesser sentence.  Given the above, Petitioner cannot establish either that it was deficient performance for his counsel not to object, nor that he suffered any prejudice as a result of her non-objection.  This claim must be denied.

Petitioner's eighth and ninth claims are essentially a restatement of his earlier claims. His eighth claim alleges that his counsel was constitutionally ineffective in not objecting to imposition of an upper term sentence, and his ninth claim maintains that his counsel should have notified the trial court that it failed to properly apply *Cunningham v. California*, 549 U.S. 270 (2007). As this Court has already concluded *supra*, Petitioner's claims that his sentence was unconstitutional and in violation of *Cunningham* are without merit. *Strickland* and its progeny do not require that trial counsel make futile motions. *See Sanders*, 21 F.3d at 1456. Therefore, the decision of Petitioner's counsel not to object to the upper term sentence or to bring a motion based on *Cunningham* was reasonable under these circumstances. Furthermore, Petitioner cannot demonstrate that he suffered any prejudice as a result of his counsel's actions. Given that any objections on these grounds would have been futile, there is no reasonable probability that, had the objections been made, the result of the proceeding would have different. *Strickland*, 466 U.S. at 693-694. Accordingly, Petitioner's claims must be denied.

Finally, Petitioner claims that the cumulative effect of his counsel's alleged errors requires reversal. In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893-895 (9th Cir. 2003) (reversing conviction where multiple constitutional errors hindered defendant's efforts to challenge every important element of proof offered by prosecution); *Thomas v. Hubbard*, 273 F.3d 1164, 1179-1181 (9th Cir. 2002) (reversing conviction based on cumulative prejudicial effect of numerous errors). Where there is no single constitutional error, however, nothing can accumulate to the level of a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002); *Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir. 1999).

Here, Petitioner did not demonstrate any constitutional errors on the part of his

14

1  trial counsel.  Thus, Petitioner's claim of cumulative error must fail and he is not entitled
2  to federal habeas corpus relief on this claim.

3                                    **CONCLUSION**

4          For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

5          A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a
6  case in which "reasonable jurists would find the district court's assessment of the
7  constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

8          The Clerk shall enter judgment in favor of Respondent and close the file.

9          IT IS SO ORDERED.

10  DATED:  December 22, 2011

11                                    _____
                                      JEFFREY S. WHITE
12                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          15

1

2                          UNITED STATES DISTRICT COURT

3                                      FOR THE

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6
    KENNETH H DAVIDSON,
7                                             Case Number: CV10-02713 JSW
                Plaintiff,
8                                             **CERTIFICATE OF SERVICE**

9     v.

      T V VIRGA et al,
10
                Defendant.
11    _____/

12
    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13  Court, Northern District of California.

14  That on December 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing
    said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
    delivery receptacle located in the Clerk's office.
16

17

18  Kenneth H. Davidson
    G00545
19  Sierra Conservation Center
    5150 O'Byrnes Ferry Road
20  Jamestown, CA 95327

21

22  Dated: December 22, 2011

23                                            Richard W. Wieking, Clerk
                                              By: Jennifer Ottolini, Deputy Clerk
24

25

26

27

28